The opinion of the Court was delivered by
WhitNER, J.
I shall not attempt to consider the grounds of appeal in their order. The character of defendant’s entry and possession, was the hinge on which this case turned on circuit. The precise points were, whether the defendant had entered the lands in question as tenant of plaintiff, and whether the possession so acquired had been continuous and unbroken. These questions were exclusively for the jury, and, however perplexing to the mind of the Circuit Judge, it is considered by this Court, that the proof very well justified the conclusion of the jury. The verdict, then, furnishes the starting point for the judgment here. The instructions to the jury as to the law, as far as they were furnished, certainly call for no vindication. In fact the principles laid down are mere legal truisms, and have not been called in question.
The defendant claims exemption from the operation of the rule, for reasons assigned, either in his grounds, or in argument. Because, as he says, he has taken the burthen of a plaintiff, and did, in fact show aperfect title, therefore the rule does not apply. W ithout travelling out of our own Courts, such cases as *353 have been referred to, have been examined, to ascertain the terms used by judicial minds in asserting the rule.
Cheves, J., in Wilson vs. Weather shy, 1 N. & McC. 373, said, “ a distinct and bona fide abandonment of the possession, at least, was necessary to put the defendant in a situation to dispute the plaintiff’s title.” Johnson, J., in Anderson ads. Darby, Id. 370, said, “a tenant is not at liberty to controvert the title under which he entersand in Whaley vs. Whaley, 1 Sp. 233, Butler, J., said, “ the tenant cannot dispute the title of his landlord, either by setting up title in himself or another.” The terms used wholly exclude all notion of a right to defeat, to destroy that which may not be disputed or controverted. But it is the reason of the rule and the end to be subserved, that are fatal to this defendant. It is said to be founded in morality, and that, where such confidence is reposed, the law exacts the utmost good faith. Possession is the right guarded, and where this has been gained through such a relation, it shall not be turned as a weapon against him who claims it to be restored. The allegation is, defendant does not rely on what he tints acquired but on a perfect title. How can this ever be said to have been established, on an issue thus made? Take the case of a senior grant, with which this plaintiff might not be able to connect himself. Its production by him would have been suicidal, when, by a change of position, in his hand, as a defendant in possession, it would have been a shield safe and impenetrable.
I may add, perhaps this right to dispute is of course on a different footing, when there has been a disclaimer of tenancy, unequivocal notice of that fact to the landlord, and a subsequent adverse possession for the statutory term.
The defendant next relies on the supposed advantages of the position in which he finds himself, although against his will and previous act. If a tenant, then he was no trespasser. Though he has been denied by the verdict the right to advance to his ground of title in himself, it is equally clear this mode of retreat is cut off. Even a tenant may forfeit his lease and become a trespasser. Much more clearly is he a trespasser, whose *354 lease having expired, holds over without the consent and against the will of his former landlord, asserting title in himself and thereby distinctly disclaiming the relation, or all implication arising out of it.
The defendant further insists that his title was offered in evidence without objection, and that plaintiff must be held to his waiver.
This would be a stern rule. Defendant has suffered no harm by being heard, and however clearly it may be demonstrated, that such testimony might have been excluded, he who offers it can in no way complain.
The motion for a new trial is dismissed.
Wardlaw, Frost, Withers and Glover, JJ., concurred.
O’Neall, J., absent.

Motion dismissed.